UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| LINDA SUSAN BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 6:14-CV-222-JMH |
| | ) | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | **MEMORANDUM ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon cross-motions for Summary Judgment [DE 10, 11] on Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits.[1] For the reasons discussed below, the Commissioner's motion will be granted and Plaintiff's motion will be denied.

**I. Overview of the Process and the Instant Matter**

The Administrative Law Judge (ALJ), in determining disability, must conduct a five-step analysis:

>   1.  An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
>   2.  An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

---

[1] These are not traditional Rule 56 summary judgment motions. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

> 3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 2010, through her date last insured of June 30, 2010. Considering step two, the ALJ found that Plaintiff had the medically determinable impairments of depression, fibromyalgia, and arthritis. The ALJ concluded, however, that Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months and,

2

therefore, did not have a severe impairment pursuant to 20 C.F.R. § 404.1421 *et seq.* As a result, the ALJ determined, Plaintiff possessed the abilities and aptitudes required to do most jobs and was not disabled as defined by the Social Security Act.

**II. Standard of Review**

In reviewing the ALJ's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the ALJ employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286 (citations omitted).

**III. Analysis**

At the time of the ALJ's decision, Plaintiff was fifty-seven years old and lived with her husband and mother-in-law. She had a high-school education and her previous employment included

3

janitorial work (1982-1989) and factory work (1997-2003), as well as some babysitting in her home. Plaintiff reported an inability to work beginning in mid-2010 due to her "body just hurting." She states that she also became confused during this time and lost her memory. Additionally, she complained of a lack of energy.

### A. The ALJ did not err in determining that the Plaintiff's impairments were not severe.

Plaintiff claims that the ALJ erred in finding that her impairments were not severe under step two of his analysis. "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). Plaintiff carries the burden of proving the severity of her impairments. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by the Plaintiff's statement of symptoms. 20 C.F.R. § 416.908. This Court must affirm the ALJ's finding that Plaintiff's impairments were not severe unless that finding is not supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g).

The ALJ concluded that Plaintiff's medically determinable mental impairment caused no more than mild limitations and, therefore, was non-severe. He noted that, aside from one incident of psychological decline in mid-2012 (which was long after

4

Plaintiff's insured status had expired), Plaintiff's depression was stable and largely controlled by medication. Aside from the brief period in mid-2012, Plaintiff never received specialized psychiatric care. Following that period, she received treatment and achieved good success and had very mild limitations. In a function report, Plaintiff stated that she retrieved her grandchild from school daily and cared for her. She also went shopping regularly and prepared simple meals and performed housekeeping.

Upon a review of the record, treatment notes from Plaintiff's primary care provider indicate that Plaintiff was being treated for depression during the relevant time period, though the notes are largely illegible. One legible portion of the notes reveal that in January 2010, Plaintiff's medications were adjusted and counseling was recommended when it was felt that her depression was not fully controlled. Although Plaintiff received inpatient mental health care in June 2012, post-insured status evidence is only minimally probative and generally not relevant. *Higgs*, 880 F.2d at 863; *Bagby v. Harris*, 650 F.2d 836, 839 (6th Cir. 1981). Plaintiff does not dispute the ALJ's determination that her date last insured is June 30, 2010. Accordingly, she is entitled to benefits only if she became disabled on or before that date. 42 U.S.C. § 423(a)(1); *Slone v. Sec. of Health & Human Servs.*, 825 F.2d 1082 n.1 (6th Cir. 1987).

5

As far as Plaintiff's claims of fibromyalgia and arthritis, the record supports the ALJ's determination that these impairments were not severe. The record is devoid of any objective testing that would support the diagnoses of arthritis or fibromyalgia. Specifically, Plaintiff fails to identify any x-rays, laboratory results, or physical examination results that would indicate the existence of these conditions. It appears that Plaintiff's primary care provider relied upon Plaintiff's subjective complaints in making these diagnoses. When asked what medical findings support Plaintiff's limitations, Dr. Perry failed to identify any objective findings, responding "extreme muscle and joint pain in all regions of body including neck/back/[illegible]." Also, there is no indication in the record that Plaintiff ever saw an orthopedist, a rheumatologist, or any other specialist for these problems. The Commissioner is not required to defer to unsupported medical assumptions, even when made by a treating physician. *Higgs* at 863–64 (citing *Landsaw v. Sec. of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986)). Accordingly, the ALJ's findings that these impairments were not severe is supported by substantial evidence.

**B. The ALJ did not err regarding the weight given to the opinion of the treating source or the Plaintiff's husband.**

The social security regulations require that if the opinion of the claimant's treating physician is "well-supported by

6

medically acceptable clinical and diagnostic techniques and [is] not inconsistent with the other substantial evidence in [the] case record, it must be given controlling weight." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (internal quotation marks omitted); 20 C.F.R. § 404.1527(d)(2). As explained above, however, the ALJ provided an explanation as to why Dr. Perry's opinion was not supported by the record. Dr. Perry's notes were largely illegible but the portions that could be read did not support a finding of disability. Further, Dr. Perry did not provide any objective findings whatsoever to support his conclusions. The ALJ concluded that there was a lack of medical evidence to support Dr. Perry's opinion and that conclusion is supported by substantial evidence.

Plaintiff also contends that the ALJ erred in failing to give weight to Plaintiff's husband's opinion regarding Plaintiff's level of function. The ALJ's opinion indicates that he considered the third-party report completed by Plaintiff's husband, in accordance with the Social Security rules. *See* S.S.R. 96-7p, 1996 WL 374186, *1. The ALJ's decision to give the opinion little weight is supported by substantial evidence, however, because, as the ALJ pointed out, it inconsistent with the medical evidence of record.

The ALJ determined that Plaintiff had only worked sporadically in the past and had not earned at substantial gainful

7

activity since 1990.  The ALJ felt that this was indicative of a weak motivation to work.  The ALJ's credibility determinations generally are entitled to great weight and deference.  *Jones v. Soc. Sec. Admin.*, 336 F.3d 469, 477 (6th Cir. 2003).  Further, it is acceptable for an ALJ to consider poor work history when evaluating credibility.  *See e.g.*, *Matula v. Comm'r of Soc. Sec.*, No. 13-cv-10673, 2013 WL 6713829, *7 (E.D. Mich., Dec. 20, 2013).  Here, the ALJ not only relied upon Plaintiff's past employment records, but also the medical evidence and her hearing testimony to conclude that her motivation to work was compromised.  This constitutes substantial evidence and, thus, the Commissioner's decision will not be disturbed on this ground.

**IV. Conclusion**

Accordingly, **IT IS ORDERED:**

(1) that the Commissioner's motion for summary judgment, [DE 11], is **GRANTED;** and

(2) that Plaintiff's motion for summary judgment, [DE 10], is **DENIED.**

This the 12th day of August, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

8